874 A.2d 504

MELISSA HOLLOWAY, PLAINTIFF–APPELLANT, v. ROBERT BYRNE, IN HIS OFFICIAL CAPACITY AS JERSEY CITY CLERK, DEFENDANT–RESPONDENT, AND JAVIER INCLAN, IN HIS OFFICIAL CAPACITY AS HUDSON COUNTY CLERK; RAMON DE LA CRUZ, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE STATE OF NEW JERSEY DIVISION OF ELECTIONS; PETER HARVEY, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS, AND JERRAMIAH HEALY, MAYOR OF JERSEY CITY, DEFENDANT–RESPONDENT.

April 20, 2005.

**O R D E R**

This matter having come before the Court on plaintiff Melissa Holloway's application for emergent relief pursuant to *Rule* 2:9–8, seeking to compel defendant Robert Byrne, the Clerk of the City of Jersey City, to certify her as a candidate for Mayor of the City of Jersey City and to place her name on the ballot for the upcoming election;

And respondents having opposed that application on the basis that plaintiff Holloway did not submit sufficient valid nominating petitions to qualify her for certification as a mayoral candidate and inclusion on the ballot for the upcoming election;

And the trial court having denied injunctive relief and having dismissed plaintiff's complaint after conducting a hearing on April 6, 2005;

And plaintiff having moved before the Appellate Division for a stay of the judgment below and for summary reversal of the trial court's action;

And that court having denied the motions for a stay and for summary reversal on April 15, 2005;

And the Court having considered the moving papers and briefs filed by the parties;

And the Court having determined to certify the case for disposition on the merits pursuant to *Rule* 2:12–1;

And the Court having further determined that:

1. *N.J.S.A.* 19:13–10 provides that a candidate's petitions for nomination "shall be deemed to be valid, unless objection thereto be duly made in writing and filed with the officer with whom the original petition was filed not later than the fourth day after the last day for filing of petitions"; and

2. *N.J.S.A.* 19:13–13 provides that a candidate may cure a deficient petition for nomination, by properly amending the petition "in matters of substance or of form ... but not to add signatures," provided the amendment is made "on or before the tenth day after the last day for the filing of petitions"; and

3. *N.J.S.A.* 19:13–13 further provides that the amendment "provision shall be liberally construed to protect the interest of candidates"; and

4. Plaintiff Holloway timely filed the requisite number of petitions for nomination by March 17, 2005, which was the last day for the filing of petitions; and

5. Defendant Jerramiah Healy timely filed a general objection to those petitions on March 21, 2005, the last day for the filing of objections; and

6. Defendant City Clerk Robert Byrne certified plaintiff Holloway as a candidate for Mayor of the City of Jersey City on March 23, 2005, after plaintiff Holloway cured a sufficient number of deficient petitions to give her the requisite number of valid petitions to appear on the ballot; and

7. March 27, 2005, was the last day by which plaintiff Holloway was permitted to cure a deficient petition for nomination pursuant to *N.J.S.A.* 19:13–13; and

8. On March 28, 2005, after the deadline to file objections had passed, *N.J.S.A.* 19:13–10, defendant Healy raised for the first time specific objections to petitions for nomination of plaintiff Holloway, which had not been found to be deficient earlier by defendant City Clerk; and

9. On the basis of defendant Healy's late challenge, defendant Byrne incorrectly decertified plaintiff Holloway as a candidate for mayor; and

10. The statutory interplay between *N.J.S.A.* 19:13–10 and *N.J.S.A.* 19:13–13 provides a framework for the presentation of objections to petitions for nomination and provides the candidate a realistic opportunity to cure defects in those petitions; and

11. The filing of the late objections to plaintiff Holloway's petitions for nomination did not allow plaintiff time to cure the defects under the statutory framework;

And good cause appearing;

IT IS ORDERED that the within matter is certified directly to the Court pursuant to *Rule* 2:12–1; and it is further

ORDERED that the April 6, 2005, order of the Superior Court, Law Division, is summarily reversed; and it is further

ORDERED that plaintiff Melissa Holloway be certified for inclusion on the ballot for the election for the Mayor of the City of Jersey City; and it is further

ORDERED that the ballot include her name, with the caveat that plaintiff Holloway does not contest the position of her name on the ballot; and it is further

ORDERED that the absentee ballots must be reprinted and remailed to absentee voters with appropriate instructions to the voters on the need to submit the revised ballot even if the prior version had been returned; and it is further

ORDERED that for the revised absentee ballots to be accepted, the returned ballots shall be postmarked no later than the date of the election; and it is further

ORDERED that this matter is remanded to the trial court for expedited proceedings to implement this Order.

Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE, and RIVERA–SOTO join in the Court's Order.